# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## Magistrate Judge Gudrun J. Rice

**Civil Action No.: 06-cv-01042-WYD-PAC**         **FTR** - Reporter Deck - Courtroom A-501
**Date: April 17, 2007**                                             Courtroom Deputy, Ellen E. Miller
_____

CARDTRONICS,                                                              Stephanie D. Loughner
a Delaware limited partnership,

    **Plaintiff(s),**

v.

VERNON PADILLA, individually, and                       Pro Se
PADILLA'S LIQUOR & SERVICE, INC.,


    **Defendant(s).**
_____
## COURTROOM MINUTES / MINUTE ORDER
_____

**HEARING:   MOTIONS HEARING**
**Court in Session:**  4:06 p.m.
Court calls case.   Appearance of Plaintiff counsel and *Pro Se* Defendant.

The Court notes a Default Judgment was entered August 18, 2006.

The parties have held a Rule 69 Debtor Examination Hearing starting at 3:00 p.m.
Issues which have surfaced during that conference are discussed.

Ms. Loughner requests Mr. Padilla be held in contempt of court for failure to provide documents requested and for failure to answer all questions in the Rule 69 Hearing.  The request for contempt is denied at this time.

Ms. Loughner notes Mr. Padilla has come to the hearing without adequate documentation
(*i.e.* Defendant did not provide personal bank statements which he states are at his home; Defendant did not produce any W2 Forms; Defendant did produce 2003 and 2004 Tax Returns but notes his accountants have not completed 2005 or 2006.)
Discussion is held.

*06-cv-01042-WYD-PAC*
*Motions Hearing*
*April 17, 2007*

**It is ORDERED:**   Defendant has **to and including Friday APRIL 20, 2007 by 5:00 p.m.** within which to provide to Plaintiff's counsel  all  documents that have been  requested in the Subpoena to Produce, Exhibit A.

Ms. Loughner notes that based on any new documentation received, the Rule 69 Debtor Examination Hearing may need to be reconvened and requests attorneys fees incurred be added to the Judgment. The Court directs counsel to file a written motion for any requests.

Ms. Loughner notes Mr. Padilla  filed with the court an  e-mail indicating he had the money but during the Rule 69 examination has not answered the question "Where is the money."
Discussion is held.
Mr. Padilla is directed by the Court  to respond to  the question, and Mr. Padilla  states the money has been spent.

Mr. Padilla  reports   he filed for bankruptcy 3 or 4 months ago and it is to be finalized April 24, 2007.  Mr. Padilla also reports he anticipates  filing a  petition for  bankruptcy and is meeting with an  attorney April 24, 2007.
No formal notice of bankruptcy has been received by the Plaintiff or the United States District Court.

Discussion is held regarding the Plaintiff's Motion to Release Property.

Ms. Loughner notes the face value of the coins is  $739.41

**It is ORDERED:**   Plaintiff's MOTION TO RELEASE PROPERTY PURSUANT TO WRIT OF EXECUTION (Docket No. **46,** Filed March 21, 2007) is **GRANTED**  for the reasons set forth on the record.

The Sheriff shall release the contents of the safe deposit box(es) obtained by the Writ of Execution to Plaintiff's counsel.

An appraiser shall be employed by Plaintiff's counsel to perform an appraisal of the coins.  The coins are to be held in trust, and the coins shall not be sold until a report of the appraisal is filed with the  Court  and  the Court directs any sale or other disposal of the coins.

HEARING CONCLUDES.   **Court in recess:**   4:45 p.m.   Total In-Court Time:   00:41